■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT VICTOR, Also Known as VICTOR TOWNES, Also Known as VICTOR LAMONT, Appellant.—Judgment, Supreme Court, New York County (Stanley L. Sklar, J., at plea and sentence; Harold J. Rothwax, J., on motion to suppress), rendered November 19, 1985, which convicted defendant of two counts of criminal possession of a weapon in the third degree and one count of criminal possession of a controlled substance in the seventh degree, and which sentenced defendant to two concurrent terms of 2⅓ to 7 years' imprisonment and a definite sentence of six months, unanimously reversed, on the law, the motion to suppress granted, the sentence vacated, and the indictment dismissed.

Defendant's motion to suppress two guns and a narcotic substance seized from a taxicab in which defendant was a passenger was denied, without a hearing, on the ground that defendant lacked standing.

We have previously reviewed the factual situation presented in this case, in connection with a codefendant's appeal. *(People v Giles,* 137 AD2d 1, *lv granted* 72 NY2d 1045.) In our prior determination, we held that it was error to deny the motion to suppress without a hearing, and that the trial evidence showed that the motion should have been granted, since the police lacked probable cause to stop the vehicle. Defendant was a passenger in that same vehicle, and because there are no distinguishing factors presented on this appeal, we make the same factual determinations, and reach the same result. Concur—Carro, Rosenberger, Ellerin and Rubin, JJ.

Kupferman, J. P., concurs on constraint of *People v Giles* (137 AD2d 1).